ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taku Theorin-Acha,<br><br>          Petitioner,<br><br>v.<br><br>Pam Bondi, et al.,<br><br>          Respondents. | No.   CV-26-00647-PHX-JCH (DMF)<br><br>**ORDER** |

      On February 2, 2026, Petitioner filed a Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus seeking release from immigration detention. (Doc. 1). Petitioner avowed that she was ordered removed to Cameroon on June 26, 2025 and that there was no likelihood of removal to Cameroon because she had also been granted withholding of removal pursuant to the Convention Against Torture, and argued that her continued detention[1] was in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). On February 4, 2026, the Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 4). Respondents responded. (Doc. 7). Recently-appointed counsel for Petitioner (*see* Doc. 10) has also filed a Motion for Extension of Time (Doc. 12) and a Motion for Discovery to Amend (Doc. 11). For the following reasons, the Court will deny the pending motions as moot, grant the Petition, and order that Petitioner be immediately released from custody.

. . . .

---

[1] Petitioner was taken into ICE custody on January 20, 2025. (Doc. 1 at 3).

## I.  Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Under § 1231(a)(1), the Government has 90 days to remove an alien once a removal order becomes final.  Detention during this removal period is mandatory.  8 U.S.C. § 1231(a)(2).  If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary.  *See* 8 U.S.C. § 1231(a)(6).  That discretion, however, is not unfettered, and indefinite detention is not permitted.  *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention.").  This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired.  533 U.S. at 701.  Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment.  *Id.*  The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)).  *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  If, after considering the evidence, the court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  *Id.* at 699. As the period of detention grows, "what counts as the 'reasonably foreseeable future' [will] shrink." *Id.*

## II.  Discussion

Here, Petitioner's removal order became final no later than 30 days after the immigration judge's June 26, 2025 order of removal.  8 C.F.R. § 1241.1.  Accordingly, as of the date of this Order, Petitioner has been detained beyond the "presumptively reasonable" period articulated in *Zadvydas*.  As such, to obtain relief Petitioner must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if she does so, Respondents "must respond with

evidence sufficient to rebut that showing." *Id.*

The Court finds that Petitioner has satisfied her initial burden because she has been granted withholding of removal to Cameroon. (*See* Doc. 1 at 4; Doc. 7-1 ¶ 12). There is thus "good reason" to believe that there is no significant likelihood of her removal to Cameroon in the reasonably foreseeable future. The burden thus shifts to Respondents to rebut that showing with sufficient evidence. *See Zadvydas*, 533 U.S. at 699.

Respondents have failed to do so. Respondents offer that on July 1, 2025, "ICE officers submitted a Request for Acceptance of Alien, Form I-241, for the Petitioner, to the Consul General[s] of Chad, Angola, and Kenya," but they have not received a response. (Doc. 7-1 ¶ 13). Respondents do not describe any other efforts to effectuate Petitioner's removal. This is insufficient to rebut Petitioner's showing. On this record, Respondents have yet to even identify a third country to which Petitioner might be removed, let alone that a third country has accepted removal of Petitioner or that removal to it is significantly likely to occur in the reasonably foreseeable future.

In sum, Petitioner has now been detained beyond the presumptively reasonable period identified in *Zadvydas*, and having provided "good reason" to support that her removal to Cameroon is not significantly likely to occur in the reasonably foreseeable future (because she has been granted withholding of removal), the burden shifts to Respondents to rebut that showing with sufficient evidence. *Id*. Respondents have failed to do so. Respondents have not even identified a third country that might accept Petitioner, let alone provided evidence that removal to a third country is significantly likely to occur in the reasonably foreseeable future. As such, the Court finds that Petitioner's continued detention is in violation of the Fifth Amendment and will grant the Petition.

**III.  Order**

Accordingly,

**IT IS ORDERED:**

(1)  **Granting** the Petition for Writ of Habeas Corpus (Doc. 1).

(2)  **Denying as moot** Petitioner's Motion to Expedite (Doc. 2).

(3)   Respondents must **immediately release** Petitioner from custody.

(4)   No more than **48 hours** from the time of this Order, Respondents must file a notice of compliance.

(5)   **Denying as moot** the Motion for Discovery and Motion for Extension of Time (Docs. 11, 12).

(6)   The Clerk of Court must enter judgment accordingly and close this case.

Dated this 20th day of February, 2026.

_John Hinderaker_
John C. Hinderaker
United States District Judge